THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

EMPIRE FIRE INSURANCE CO.

1.  INSURANCE COMPANIES—*right to transact business in the city of Chicago with a capital less than* $150,000.  An insurance company organized under a prior special charter, with power to transact business in this State with a capital stock not less than $50,000, with the privilege of increasing the same to $300,000, may rightfully establish an agency in the city of Chicago with a capital less than $150,000.

2.  Section 6 of chapter 73, Rev. Stat. 1874, prohibiting joint stock companies from establishing agencies in the city of Chicago for the transaction of business in that city with a less capital than $150,000 actually paid in, is intended to include such companies as may organize under the general laws of the State; while it is the intention of section 19 to allow companies acting under existing special charters to continue business with the amount of capital authorized by their respective charters.  The two sections were designed for two distinct classes of corporations.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Messrs. GRANT & SWIFT, and Mr. H. F. VALLETTE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an information, in the nature of a *quo warranto,* filed by the Attorney General, in the name of, and for and on behalf of, the People, against the Empire Fire Insurance Company, to require the company to show its authority for establishing an agency and exercising its franchise in the city of Chicago with a capital less than $150,000, as required by section 6, chapter 73, Rev. Stat. 1874, p. 591, which declares, "no joint stock company shall be incorporated under this act in the city of Chicago, nor shall any company incorporated under this act establish any agency for the transaction of busi-

ness in said city with a smaller capital than $150,000 actually paid in, in cash, nor in any other county in this State with a smaller capital than $100,000 actually paid in, in cash."

The company interposed a plea to the information, to which the People demurred, and the question presented is, whether the decision of the circuit court sustaining the plea is correct.

The defendant company was originally organized, under the name of the "Du Page County Mutual Insurance Company of Wheaton," under a special charter, approved February 16, 1857 (Private Laws of 1857, page 1001). Section 2 of the act provides:

"The capital stock of said corporation shall not be less than $50,000, and may, at the pleasure of said corporation, be increased to any further sum, not exceeding $300,000, and shall be divided into shares of $50 each."

In 1867 an act was passed changing the name of the company to that of "The Illinois State Insurance Company," with power to establish an office in the city of Chicago, to issue policies, and make all contracts and agreements pertaining to the business of insurance in Chicago as well as at the home office. Private Laws of 1867, vol. 2, page 168.

In 1874 the capital stock was increased to $100,000, and in 1875 the stock was increased to $300,000. Under the act of 1867, an office was established in Chicago in 1873, and from that time onward the insurance business was transacted in that city. On the 15th day of October, 1877, the company changed its name to "Empire Fire Insurance Company," and reduced its capital to $100,000.

This action was had under the provisions of the act of March 26, 1872 (Rev. Stat. 1874, page 294). The last clause of the 4th section of the last named act declares: "*And provided, further,* That any corporation, other than corporations for manufacturing purposes, availing itself of, or accepting the benefits of, or formed under, this act (except the mere change of name) shall be subject to the general laws of this State now in force, or which may hereafter be passed, regu-

lating corporations of like character." Under this clause of the statute, it is contended by the Attorney General that, when the company reduced its capital, it voluntarily waived and abandoned all special privileges conferred by its special charter and the subsequent amendments thereof, and became subject to the provisions of the general laws of the State, and stood on an equal footing with corporations organized under such general laws, and with no greater powers or privileges.

If section 6, *supra,* was the only provision of the general law bearing upon the question, we would not hesitate to hold that the company had no authority to establish an agency or office in the city of Chicago, and exercise its franchises with a less capital than $150,000; but such is not the case. Section 19 of chapter 73, page 596, Rev. Stat. 1874, declares, "all insurance companies heretofore organized in the State of Illinois, and now doing business in this State, are hereby brought under all the provisions of this act, except that their capitals may continue of the amounts and character named in, and authorized by, their respective charters, during the existing term of such charters; and the investments of the capital and assets of such companies may remain the same as prescribed by their charters, anything in this act to the contrary notwithstanding; and such companies shall, also, be entitled to all the privileges and powers granted by said charters."

It is apparent that section 6 was intended to include such companies as might become organized under the general law of the State, and it is equally clear that it was the intention of the legislature, by incorporating section 19 into the revision, to allow companies acting under existing special charters to continue business with the amount of capital authorized by their respective charters. The only reasonable and fair construction to be given to the two sections is, that they were designed for two distinct classes of corporations. The harmony and consistency of the two sections can not be maintained upon any other theory. This construction harmonizes

the two sections, while a different one renders them contradictory and utterly inconsistent with each other.

Under the charter, the defendant had the right to transact its business with a capital of from $50,000 to $300,000. Under the act of 1872, heretofore cited, it had the right to reduce its capital, but such reduction brought it under the general law of the State; but section 19 of the general law of the State conferred the power to continue business with the amount of capital authorized by the special charter. It, therefore, follows that the company, doing business in Chicago with a capital of $100,000, was in the exercise of a right conferred by law.

The demurrer to the plea was properly overruled, and the judgment will be affirmed.

*Judgment affirmed.*